IN THE DISTRICT COURT OF THE UNITED STATES
IN THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BELINDA STOUGH, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO. 3:05cv421-W |
| | ) |
| JAMESON INNS a | ) |
| company owned or operated by | ) |
| KITCHIN HOSPITALITY, LLC. | ) |
| | ) |
| DEFENDANT. | ) |

RECEIVED
2005 MAY -6 A 10: 17
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# COMPLAINT
# JURY DEMAND

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343 (4), 2201 and 2202, 42 U.S.C. Section 2000e et seq. 42 U.S. C. § 1367. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of 1991", 42 U.S.C. Section 2000 e et seq., and 42 U.S.C. Section 1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. Section 2000e et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983 providing for injunctive and other relief against sex and retaliation discrimination.

2. The Plaintiff, Belinda Stough, has fulfilled all conditions precedent to the institution of this action under Title VII of the ct of Congress know as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of 1991", 42 U.S.C. Section 2000e et sel., 42 U.S.C. Section 1981, 42 U.S.C. § 1983 and U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. The Plaintiff timely filed her charge of discrimination within 180 days of the last discriminatory act. The Plaintiff has obtained her right to sue letter from the Equal Employment Opportunity Commission (EEOC) dated February 18, 2005.

## II. PARTIES

3. The Plaintiff, Belinda Stough, is an adult Caucasian female and is a citizen of the United States and a resident of Coosa County, Goodwater, Alabama. The Plaintiff was employed by the Defendant, Jameson Inn a company owner and operated by Kitchins Hospitality, LLC, located in the Eastern Division of Alabama.

4. The Defendant, Jameson Inn, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of 1991", U.S.C. Section 2000e et seq. The Defendant employs more than twenty regular employees and engaged in an industry affecting commerce, thereby qualifying as an "employer" subject to suit under Title VII.

## III. ALLEGATIONS AND CAUSES OF ACTION

**COUNT I- SEX DISCRIMINATION**

1. Plaintiff, Stough, re-alleges and incorporates by reference paragraphs one through four relating to jurisdiction and the parties of this Complaint.

2. That the Plaintiff was employed by the Defendant as a General Manager. At all times relevant hereto, the Plaintiff's job performance was more than satisfactory.

3. During early February of 2004, the Plaintiff discovered that a male, Mark Fetner, was hired as an Assistant Manager and began work at a salary equivalent to what the Plaintiff was being paid after working for the company for four years and in spite of the fact that the Plaintiff was the Assistant Manager's Supervisor and Superior.

4. Plaintiff Stough, was subjected to a hostile work environment that was exclusionary, disrespectful, unfair, unequal and retaliatory.

**COUNT II - RETALIATION**

1. Plaintiff, Stough, re-alleges and incorporates by reference paragraphs one through four relating to jurisdiction and the parties of this Complaint.

2. On or about February 18, 2004 the Plaintiff was advised in writing that her services with the Defendant would no longer be needed, effective February 18, 2004.

3. That said termination was a direct result of her having expressed concern and dissatisfaction over the Assistant Manager's equivalent salary.

4. Plaintiff Stough, has suffered embarrassment, humiliation, mental distress emotional pain and anguish as a result of the Defendant's unlawful retaliation.

5. The Defendant's unlawful termination has caused the Plaintiff great financial harm.

WHEREFORE the premises considered, the Plaintiff demands judgment against the Defendant in a sum in excess of the minimal jurisdictional limits of this Court and in such sum as the Court and Jury may determine is appropriate to compensate the Plaintiff for her losses.

## III  PRAYER FOR RELIEF

1. The Plaintiff seeks to redress the wrongs alleged herein with this suit for back pay, compensatory and punitive damages. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful practices as set forth herein.

2. WHEREFORE the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial; Issue a Declaratory Judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991", 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981 and 42 U.S.C. § 1983.

3. Grant the Plaintiff a judgment injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Acts of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991", 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981, 42 U.S.C. § 1983.

4. Enter an Order requiring the Defendant to make the Plaintiff whole by awarding her the position(s) she would have had, in absence of sex discrimination and retaliation causing her to be ultimately discriminated in her employment, back pay (plus interest) and front pay, declaratory and injunctive relief, lost seniority, benefits, lost pension benefits and compensatory and punitive damages.

5. The Plaintiff claims damages and attorneys fees under Title 42 Sections 1981 A, Section 1981 (a) and 1988 and 42 U.S.C. § 1983.

6. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted this 5 day of May, 2005.

_____
ANGELA HILL(HIL052)
Attorney at Law
116 Madison St.
Alexander City, AL 35010
256-329-1441
256-329-1442 fax