UNITED STATES DISTRICT COURT
MIDDLE DISTRIT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 JUN 13 P 12: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

BELINDA STOUGH,

    Plaintiff,

v.

JAMESON INNS, a company
owned or operated by
KITCHIN HOSPITALITY, LLC,

    Defendant.

CASE NO. 3:05cv421-W

## ANSWER OF JAMESON INNS

Defendant Jameson Inns (hereinafter "Jameson" or "Defendant") respectfully responds to Plaintiff's Complaint and states as follows:

### I. Jurisdiction

1.

Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to various federal statutes, and that certain of these statutes provide the Court with jurisdiction over this matter, but Defendant denies that Plaintiff is entitled to any remedy or relief in this matter.

2.

Defendant neither admits nor denies the allegations contained within paragraph 2 of Plaintiff's Complaint because it is without information or knowledge sufficient upon which to

1

form a belief as to the truth of the allegations contained therein.

## II. Parties

3.

Defendant admits the allegations contained within paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained within paragraph 4 of Plaintiff's Complaint.

## III. Allegations And Causes Of Action

### Count I - Sex Discrimination

1.

Defendant reasserts and incorporates by reference its earlier responses to Plaintiff's Complaint.

2.

Defendant denies each and every allegation contained within paragraph 2 of Count I of Plaintiff's Complaint, except that she was employed for a period of time as a General Manager.

3.

Defendant neither admits nor denies the allegations contained within paragraph 3 of Count I of Plaintiff's Complaint because it is without knowledge or information sufficient upon

which to form a belief as to the truth of the allegations contained therein.

4.

Defendant denies each and every allegation contained within paragraph 4 of Count I of Plaintiff's Complaint.

### Count II - Retaliation

1.

Defendant reasserts and incorporates by reference its earlier responses to Plaintiff's Complaint.

2.

Defendant admits the allegations contained within paragraph 2 of Count II of Plaintiff's Complaint.

3.

Defendant denies each and every allegation contained within paragraph 3 of Count II of Plaintiff's Complaint.

4.

Defendant denies each and every allegation contained within paragraph 4 of Count II of Plaintiff's Complaint.

5.

Defendant denies each and every allegation contained within paragraph 5 of Count II of Plaintiff's Complaint.

The remainder of Plaintiff's Complaint is a prayer for relief which requires neither an admission nor denial, but

Defendant denies that Plaintiff is entitled to any remedy or relief in this matter.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the doctrine of failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by Plaintiff's failure to exhaust her administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because Defendant exercised reasonable care to prevent discrimination and otherwise fulfilled all of its obligations under the applicable law, including, but not limited to, taking proper steps to prevent discrimination and correcting promptly any alleged discriminatory behavior.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint may be barred because Plaintiff unreasonably failed to take advantage of preventive opportunities or to avoid harm otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has a policy against unlawful discrimination, as well as procedures for receiving and investigating complaints of discrimination, and Plaintiff failed to avail herself of these.

### NINTH AFFIRMATIVE DEFENSE

Even if intentional sex discrimination and retaliation were motivating factors in an employment decision regarding Plaintiff, which Defendant denies, Defendant would have taken the same action in the absence of any impermissible factor.

### TENTH AFFIRMATIVE DEFENSE

Some or all of the alleged acts of Defendant do not constitute a tangible employment action and therefore cannot form the basis of Plaintiff's claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Any alleged sex discrimination and retaliation, which Defendant denies, was contrary to Defendant's good-faith efforts to comply with applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

All employment decisions regarding Plaintiff were based on reasonable factors other than sex and retaliation and were based on good cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

All employment decisions regarding Plaintiff were taken in good-faith effort to conform with or in reliance upon written administrative regulations, orders, rulings, or interpretations issued by the EEOC.

## FOURTEENTH AFFIRMATIVE DEFENSE

There is no causal link, factual or proximate, between Defendant's alleged acts or omissions and Plaintiff's alleged injuries or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, may be barred by the Alabama Workers' Compensation statutes.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are barred because Defendant at all times acted in good faith and took all appropriate preventative actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, may be barred by after-acquired evidence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, may be barred because Plaintiff seeks damages not authorized by statute.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because imposing punitive damages would be a denial of due process under the United States Constitution and the Constitution of the State of Alabama.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred because the damages sought are speculative in nature.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any amounts allegedly owed to Plaintiff are subject to allowable deductions or set-off.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred because Defendant's actions do not constitute state action.

WHEREFORE, based on the foregoing, Defendant requests that this action be dismissed in its entirety, and that it be awarded its costs and attorneys' fees incurred in defense of this frivolous matter.

Defendant denies all allegations contained in Plaintiff's Complaint which were not previously denied.

This _10_ day of June, 2005.

                        Respectfully submitted,

                        IRVIN, STANFORD & KESSLER, LLP

By: _____
Gary R. Kessler
Alabama Bar No. ASB-0251-L52G
IRVIN, STANFORD & KESSLER, LLP
3060 Peachtree Road, N.W.
Suite 1050
Atlanta, Georgia 30305
404-237-1020 (office)
404-237-1047 (facsimile)
gkessler@isklaw.com
**COUNSEL FOR DEFENDANT**

UNITED STATES DISTRICT COURT
MIDDLE DISTRIT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BELINDA STOUGH, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:05cv421-W |
| JAMESON INNS, a company owned or operated by KITCHIN HOSPITALITY, LLC, | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for Plaintiff with a copy of the foregoing ANSWER OF JAMESON INNS by depositing same in the United States Mail, adequate first-class postage affixed thereto, and addressed as follows:

Angela J. Hill, Esq.
116 Madison Street
Alexander City, Alabama 35010

This 10 day of June, 2005.

_____
Gary R. Kessler

9