IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BELINDA STOUGH,** )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>) **CIVIL ACTION NO.:**<br>**JAMESON INN, a company owned** ) **3:05cv421-W**<br>**and/ or operated by KITCHIN** )<br>**HOSPITALITY, LLC,** )<br>)<br>    Defendants. )<br>) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**COMES NOW** the plaintiff, Belinda Stough, by and through her undersigned counsel, and moves this Court to grant her leave to amend her complaint to clarify the pleadings and to timely add certain causes of action. As grounds for this Motion, the plaintiff states as follows:

1.   The plaintiff has timely filed this motion to amend the pleadings. The original scheduling order entered by the Court set the deadline for the plaintiff to amend the pleadings as December 20, 2005.

2.   The undersigned counsel has recently entered an appearance to represent the plaintiff in this case.

3.   In this amended complaint, the plaintiff seeks to clarify her claims and add an Equal Pay Act claim.

4.   Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend pleadings] shall be freely given when justice so requires." In *Forman v. Davis*, the Supreme Court announced the standard to be applied by district courts in evaluating the

propriety of requested amendments to pleadings under Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendments, etc. — the leave sought should, as the rule require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. 178, 182 (1962).

5. Although the decision whether to grant leave to amend is committed to the sound discretion of the district court, the former Fifth Circuit, in *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594 (5th Cir. 1981), explained the limited scope of this discretion:

> "Discretion" may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend "shall be freely given when justice so requires." It evinces a bias in favor of grating leave to amend. . . . Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Id.* at 597-598; *see Grayson v. Kmart Corp.,* 79 F.3d 1086, 1110 (11th Cir. 1996) ("[A] Court is constrained to allow a plaintiff leave to amend unless there is substantial countervailing reason."); *Hester v. International Union of Operating Engineers,* 941 F.2d 1574, 1578 (11th Cir. 1991) ("[I]n the absence of any apparent reason, leave to amend should be granted."); *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984).

6. The defendant will not be prejudiced by this amendment because the defendant has

not even taken the plaintiff's deposition.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff respectfully requests that this Honorable Court grant her leave to file an Amended Complaint, attached hereto.

Respectfully submitted,

 s/Jon C. Goldfarb
Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Kell A. Simon (ASB-0214-O77K)
Counsel for Plaintiff

**OF COUNSEL:**

WIGGINS, CHILDS, PANTAZIS & QUINN LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Law Office of Angela J. Hill
16 Madison Street
Alexander City, Alabama 35010
Telephone No.: (256) 329-1441
Facsimile No.: (256) 329-1442

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served via US Mail properly addressed and postage prepaid on the following counsel of record:

Gary R. Kessler, Esq.,
Irvin, Stanford & Kessler
3060 Peachtree Road, Suite 1050
Atlanta, Georgia 30305
Telephone No.: (404) 237-1020
Facsimile No.: (404) 237-1047

on this the 3RD of December, 2005.

 s/Jon C. Goldfarb
OF COUNSEL