IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BELINDA STOUGH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: |
| **JAMESON INN, a company owned** | ) 3:05cv421-W |
| **and/ or operated by KITCHIN** | ) |
| **HOSPITALITY, LLC,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**FIRST AMENDED COMPLAINT**

**I.    INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d), Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

**II.    JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Middle District of Alabama, Eastern Division under 28 U.S.C. §1391(b).

3. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. The plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last

discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

### III.    PARTIES

4.      The plaintiff, Belinda Stough, is a female citizen of the United States and a resident of the State of Alabama. The plaintiff was hired by the defendant in May of 1999, and she was discharged by the defendant on May 18, 2004.

5.      The defendant, Jameson Inn, a company owned and/ or operated by Kitchin Hospitality, L.L.C. is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, Section 2000e et seq., as amended, 42 U.S.C. 42 U.S.C., Section 1981a, and the Equal Pay Act, 29 U.S.C. Section 206(d). At all times pertinent to the matters alleged herein, the defendant has employed fifteen (15) or more employees.

### IV.    FACTUAL ALLEGATIONS

6.      The plaintiff began working with the defendant in May of 1999, as a desk clerk and she was eventually promoted several times until becoming the General Manager in May of 2000.

7.      During the plaintiff's employment, the defendant discriminated against her in evaluations, inspections, staff assignments, wages and other terms, conditions and privileges of her employment.

8.      The plaintiff's supervisor subjected the plaintiff to a hostile work environment because of her female gender through comments, touchings, and other actions.

9.      During the plaintiff's employment, her job performance was good.

10. The plaintiff was paid the same salary as her male Assistant Manager. Upon information and belief, other male General Managers at the defendant's locations are paid a higher salary than their Assistant Managers.

11. In addition, the plaintiff is paid a lower salary than similarly situated male General Managers.

12. The plaintiff complained about gender discrimination in pay in February 2005.

13. A few days after the plaintiff complained of gender discrimination, the defendant retaliated against her by terminating her on February 18, 2005.

14. The defendant replaced the plaintiff with a male.

15. The defendant allegedly terminated the plaintiff for her hotel not being clean.

16. This reason is false, not legitimate, and created as pretext to hide the fact that the defendant terminated the plaintiff because of her female gender and in retaliation for her complaining about sex discrimination.

17. The defendant acted with malice and/or with reckless indifference to the plaintiff's federally protected rights when it terminated her because of her complaints of discrimination.

**V.     CAUSES OF ACTION**

   **COUNT I – Sex Discrimination in Violation of Title VII**

18. The plaintiff re-alleges and incorporates by reference paragraphs 1-17 above with the same force and effect as if fully set out in specific detail herein below.

19. The plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C.

Section 1981a.

20.     The defendant discriminated against the plaintiff because of her female gender in wages, discipline, evaluations, inspections, termination and other terms, conditions and privileges of employment.

21.     The defendant has failed to articulate a legitimate non discriminatory reasons for its discriminatory actions.

22.     The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

**COUNT II – Retaliation in Violation of Title VII**

23.     The plaintiff re-alleges and incorporates by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail herein below.

24.     The plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C. Section 1981a.

25.     In retaliation for the plaintiff complaining of discrimination, the defendant retaliated against the plaintiff by taking adverse employment actions against her including refusing to adjust her salary to be above her Assistant Managers, issuing her a false cleanliness report, and terminating her.

26.     The defendant has failed to articulate a legitimate non-retaliatory reason for the adverse employment actions it took against the plaintiff.

27.     The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

**COUNT III – Violation of the Equal Pay Act**

28.     The plaintiff re-alleges and incorporates by reference paragraphs 1-27 above with the same force and effect as if fully set out in specific detail herein below.

29.     The plaintiff brings this count under the Equal Pay Act (EPA) of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 206(d).

30.     The defendant willfully paid the plaintiff lower wage than male employees performing substantially equal work.

31.     The defendants willfully violated the Equal Pay Act by paying the plaintiff unequal wages to those of similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions.

**VI.     PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII, as amended by 42 U.S.C. Section 1981a.

2.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by the Equal Pay Act, 29 U.S.C. Section 206(d).

3.     Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at

the defendant's request from continuing to violate Title VII as amended by 42 U.S.C. §1981a, and the Equal Pay Act, 29 U.S.C. Section 206(d).

4. Enter an Order requiring the defendant to make the plaintiff whole by awarding her back pay (plus interest), punitive damages, compensatory damages, reinstatement or front pay, nominal damages, liquidated damages, loss of benefits including retirement, pension, seniority and other benefits of employment.

5. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

 s/Jon C. Goldfarb
Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Kell A. Simon (ASB-0214-O77K)
Counsel for Plaintiff

**OF COUNSEL:**

WIGGINS, CHILDS, PANTAZIS & QUINN LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Law Office of Angela J. Hill
16 Madison Street
Alexander City, Alabama 35010
Telephone No.: (256) 329-1441
Facsimile No.: (256) 329-1442

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been served via US Mail properly addressed and postage prepaid on the following counsel of record:

Gary R. Kessler, Esq.,
Irvin, Stanford & Kessler
3060 Peachtree Road
Suite 1050
Atlanta, Georgia 30305
Telephone No.: (404) 237-1020
Facsimile No.: (404) 237-1047

on this the 3rd of December, 2005.


                                      s/Jon C. Goldfarb
                                      OF COUNSEL