```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRIT OF ALABAMA
                    EASTERN DIVISION


BELINDA STOUGH,                         :
                                        :
     Plaintiff,                         :
                                        :
v.                                      :    CASE NO. 3:05cv421-W
                                        :
JAMESON INNS, a company                 :
owned or operated by                    :
KITCHIN HOSPITALITY, LLC,               :
                                        :
     Defendant.                         :
_____
```

### ANSWER OF JAMESON INNS TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Jameson Inns (hereinafter "Jameson" or "Defendant") respectfully responds to Plaintiff's First Amended Complaint and states as follows:

### I. Introduction

1.

Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to various federal statutes, and that certain of these statutes provide the Court with jurisdiction over this matter, but Defendant denies that Plaintiff is entitled to any remedy or relief in this matter.

## II. Jurisdiction, Venue And Administrative Prerequisites

2.

Defendant admits the allegations contained within paragraph 2 of Plaintiff's Amended Complaint.

3.

Defendant denies each and every allegation contained within paragraph 3 of Plaintiff's Amended Complaint, except admits that Plaintiff has fulfilled some, but not all, conditions precedent to the institution of this action under the named federal statutes and allegations in the Amended Complaint.

## III. Parties

4.

Defendant admits the allegations contained within paragraph 4 of Plaintiff's Amended Complaint.

5.

Defendant admits the allegations contained within paragraph 5 of Plaintiff's Amended Complaint.

## IV. Factual Allegations

6.

Defendant admits the allegations contained within paragraph 6 of Plaintiff's Amended Complaint.

7.

Defendant denies each and every allegation contained within paragraph 7 of Plaintiff's Amended Complaint.

8.

Defendant denies each and every allegation contained within paragraph 8 of Plaintiff's Amended Complaint.

9.

Defendant denies each and every allegation contained within paragraph 9 of Plaintiff's Amended Complaint.

10.

Defendant denies each and every allegation contained within paragraph 10 of Plaintiff's Amended Complaint, except admits that Plaintiff was paid the same salary as her male Assistant Manager.

11.

Defendant denies each and every allegation contained within paragraph 11 of Plaintiff's Amended Complaint.

12.

Defendant denies each and every allegation contained within paragraph 12 of Plaintiff's Amended Complaint.

13.

Defendant denies each and every allegation contained within paragraph 8 of Plaintiff's Amended Complaint.

14.

Defendant admits the allegations contained within paragraph 14 of Plaintiff's Amended Complaint.

15.

Defendant admits the allegations contained within paragraph 15 of Plaintiff's Amended Complaint, but her employment termination was based on poor performance.

16.

Defendant denies each and every allegation contained within paragraph 16 of Plaintiff's Amended Complaint.

17.

Defendant denies each and every allegation contained within paragraph 17 of Plaintiff's Amended Complaint.

V.   Causes Of Action

Count I - Sex Discrimination In Violation Of Title VII

18.

Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 17 of above with the same force and effect as if fully set forth in specific detail herein below.

19.

Defendant admits the allegations contained within paragraph 19 of Plaintiff's Amended Complaint that she seeks to bring this

action pursuant to various federal statutes, but Defendant denies that Plaintiff is entitled to any remedy or relief in this matter.

20.

Defendant denies each and every allegation contained within paragraph 20 of Plaintiff's Amended Complaint.

21.

Defendant denies each and every allegation contained within paragraph 21 of Plaintiff's Amended Complaint.

22.

Defendant denies each and every allegation contained within paragraph 22 of Plaintiff's Amended Complaint.

<u>Count II - Retaliation In Violation Of Title VII</u>

23.

Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 22 of above with the same force and effect as if fully set forth in specific detail herein below.

24.

Defendant admits the allegations in paragraph 24 of Plaintiff's Amended Complaint that Plaintiff seeks to bring this action pursuant to various federal statutes, but Defendant

denies that Plaintiff is entitled to any remedy or relief in this matter.

25.

Defendant denies each and every allegation contained within paragraph 25 of Plaintiff's Amended Complaint.

26.

Defendant denies each and every allegation contained within paragraph 26 of Plaintiff's Amended Complaint.

27.

Defendant denies each and every allegation contained within paragraph 27 of Plaintiff's Amended Complaint.

## Count III - Violation Of The Equal Pay Act

28.

Defendant reasserts and incorporates by reference its responses to paragraphs 1 through 27 of above with the same force and effect as if fully set forth in specific detail herein below.

29.

Defendant admits that Plaintiff seeks to bring this action pursuant to various federal statutes, but denies that Plaintiff is entitled to any remedy or relief in this matter.

30.

Defendant denies each and every allegation contained within paragraph 30 of Plaintiff's Amended Complaint.

31.

Defendant denies each and every allegation contained within paragraph 31 of Plaintiff's Amended Complaint.

The remainder of Plaintiff's Complaint contains a prayer for relief which Defendant neither admits nor denies, but to the extent that Plaintiff contends that she is entitled to any remedy or relief in this matter, such inference is denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the doctrine of failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by Plaintiff's failure to exhaust her administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because Defendant exercised reasonable care to prevent discrimination and otherwise fulfilled all of its obligations under the applicable law, including, but not limited to, taking proper steps to prevent discrimination and correcting promptly any alleged discriminatory behavior.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint may be barred because Plaintiff unreasonably failed to take advantage of preventive opportunities or to avoid harm otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has a policy against unlawful discrimination, as well as procedures for receiving and investigating complaints of discrimination, and Plaintiff failed to avail herself of these.

### NINTH AFFIRMATIVE DEFENSE

Even if intentional sex discrimination and retaliation were motivating factors in an employment decision regarding Plaintiff, which Defendant denies, Defendant would have taken the same action in the absence of any impermissible factor.

### TENTH AFFIRMATIVE DEFENSE

Some or all of the alleged acts of Defendant do not constitute a tangible employment action and therefore cannot form the basis of Plaintiff's claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Any alleged sex discrimination and retaliation, which Defendant denies, was contrary to Defendant's good-faith efforts to comply with applicable law.

### TWELFTH AFFIRMATIVE DEFENSE

All employment decisions regarding Plaintiff were based on reasonable factors other than sex and retaliation and were based on good cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

All employment decisions regarding Plaintiff were taken in good-faith effort to conform with or in reliance upon written administrative regulations, orders, rulings, or interpretations issued by the EEOC.

### FOURTEENTH AFFIRMATIVE DEFENSE

There is no causal link, factual or proximate, between Defendant's alleged acts or omissions and Plaintiff's alleged injuries or damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, may be barred by the Alabama Workers' Compensation statutes.

### SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are barred because Defendant at all times acted in good faith and took all appropriate preventative actions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, may be barred by after-acquired evidence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, may be barred because Plaintiff seeks damages not authorized by statute.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because imposing punitive damages would be a denial of due process under the United States Constitution and the Constitution of the State of Alabama.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred because the damages sought are speculative in nature.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any amounts allegedly owed to Plaintiff are subject to allowable deductions or set-off.

WHEREFORE, based on the foregoing, Defendant requests that this action be dismissed in its entirety, and that it be awarded its costs and attorneys' fees incurred in defense of this frivolous matter.

Defendant denies all allegations contained in Plaintiff's Amended Complaint which were not previously denied.

This 22nd day of December, 2005.

        Respectfully submitted,

        IRVIN, STANFORD & KESSLER, LLP

By:  s/ Gary R. Kessler
      Gary R. Kessler
      Alabama Bar No. ASB-0251-L52G
      IRVIN, STANFORD & KESSLER, LLP
      3060 Peachtree Road, N.W.
      Suite 1050
      Atlanta, Georgia 30305
      404-237-1020 (office)
      404-237-1047 (facsimile)
      gkessler@isklaw.com
      **COUNSEL FOR DEFENDANT**

```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRIT OF ALABAMA
                    EASTERN DIVISION
```

BELINDA STOUGH,                          :
                                         :
    Plaintiff,                          :
                                         :
v.                                       :    CASE NO. 3:05cv421-W
                                         :
JAMESON INNS, a company                  :
owned or operated by                     :
KITCHIN HOSPITALITY, LLC,                :
                                         :
    Defendant.                          :
_____

## CERTIFICATE OF SERVICE

    This is to certify that I have this day electronically filed the foregoing ANSWER OF JAMESON INNS TO PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Angela J. Hill
    ajhill_law@bellsouth.net

    Kell Ascher Simon
    kas@wcqp.com

    Maury Steven Weiner
    mweiner@wcqp.com

and served a copy via United States Mail to the following counsel of record:

    Jon C. Goldfarb
    Wiggins, Childs, Quinn & Pantazis  LLC
    The Kress Building
    301 19th Street North
    Birmingham, Alabama 35203

This 22nd day of December, 2005.

                                                  s/ Gary R. Kessler

          **Gary R. Kessler**

**Gary R. Kessler**