**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **BELINDA STOUGH,** | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **CIVIL ACTION NO.:** |
| **JAMESON INN, a company owned** | )   **3:05cv421-W** |
| **and/ or operated by KITCHIN** | ) |
| **HOSPITALITY, LLC,** | ) |
| | ) |
|    Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR AN EXTENSION OF PENDING DEADLINES**

**COMES NOW** the plaintiff in the above-styled cause and submits the following reply to defendant's response to plaintiff's motion for an extension of pending deadlines:

1. On or about October 7, 2005, this Court entered a Uniform Scheduling Order setting the dispositive motion deadline for April 10, 2006, and the discovery deadline for June 26, 2006.

2. The Court's Uniform Scheduling Order follows the accepted practice in the United States District Court for the Middle District of Alabama of setting the dispositive motion deadline at least 60 prior to the discovery deadline.

1

3. Recognizing that lead counsel for the plaintiff will not have sufficient time to conduct the depositions necessary to respond to defendant's dispositive motion under the current deadlines, the defendant has offered what it believes is a compromise. The defendant requests that the Court extend the dispositive motion deadline to June 5, 2006 but maintain the discovery deadline as June 26, 2006.

4. The defendant asserts that its requested extension of only the dispositive motion deadline will allow the plaintiff three weeks for additional discovery after the dispositive motion is filed.

5. The defendant's request is in direct contravention of the practice of the standard practice in the Middle District of Alabama and this Court's Uniform Scheduling Order. This Court and other courts in the Middle District set the dispositive motion deadline at least 60 prior to the discovery deadline so that the parties have time to conduct meaningful discovery after a dispositive motion is filed. Three weeks of discovery is simply not sufficient to complete meaningful discovery. The plaintiff would not even have time to send the defendant an additional discovery request in that time period. In fact, the defendant has not been able to make some of its witnesses available at a mutually convenient time with much more than three weeks notice.

6. Defendant's request to move the dispositive motion deadline but not the

discovery deadline is nothing more than an effort by the defendant to preclude plaintiff from being able to conduct a reasonable amount of discovery after its dispositive motion is filed and should be rejected by the Court.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully moves this Honorable Court grant its motion to extending all pending deadlines in the case sixty (60) days, including the dispositive motion and discovery deadlines to June 9, 2006, and August 25, 2006 respectively.

        Respectfully submitted,

        s/Maury S. Weiner
        Jon C. Goldfarb
        Maury S. Weiner
        Counsel for Plaintiff

**OF COUNSEL:**

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Law Office of Angela J. Hill
139 South Broadnax Street
Dadeville, Alabama 36853-1701
Telephone No.: (256) 825-8251
Facsimile No.: (256) 329-1442

# **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the above and foregoing has been filed with the Clerk of Court using the CM/ECF system, which will send electronic notification to the following counsel of record:

Gary R. Kessler, Esq.,
Irvin, Stanford & Kessler
3060 Peachtree Road, Suite 1050
Atlanta, Georgia 30305
Telephone No.: (404) 237-1020
Facsimile No.: (404) 237-1047

on this the 3rd day of March, 2006.

                                                   s/Maury S. Weiner
                                                   OF COUNSEL