UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BELINDA STOUGH, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:05cv421-W |
| JAMESON INNS, a company owned or operated by KITCHIN HOSPITALITY, LLC, | : |
| Defendant. | : |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PORTIONS
OF PLAINTIFF'S AMENDED COMPLAINT BASED ON
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendant Jameson Inns ("Jameson" or "Defendant"), by and through its undersigned counsel, respectfully submits its Reply Brief in support of its Motion To Dismiss Portions Of Plaintiff's Amended Complaint filed on March 14, 2006.

**A.   Clarifying Relief Defendant Is Seeking**

On pp. 2-3 of her brief, Plaintiff expresses confusion over what Defendant seeks as relief in this motion.  Simply, Defendant seeks dismissal of those Complaint allegations which were not raised by Plaintiff in her EEOC charge.  Defendant submits that the only claims that should remain are those allegations which <u>were</u> raised by Plaintiff in her EEOC charge. These are as follows:

(1) Plaintiff's Title VII sex-based wage discrimination claim that she was paid differently from the Assistant General Manager at the Alexander City property; and

(2) Retaliatory termination.

Regardless of the disposition of this motion, Defendant agrees that Plaintiff is entitled to proceed with her Equal Pay Act claim since the Equal Pay Act does not require exhaustion of administrative remedies, and there is a two- or three-year statute of limitations applicable. See 29 U.S.C. §§ 206(d) and 255(a).

### B. The "Liberalness" In Interpreting Broadly The Scope Of Plaintiff's EEOC Charge Is Inapplicable Since Stough Was Represented By Counsel At The EEOC

On pp. 4-6 of Plaintiff's opposition brief, Plaintiff asks the Court to liberally interpret her EEOC allegations to allow her to assert a broad array of allegations. Though there are numerous cases discussing that "liberalness" issue when a plaintiff is not represented by counsel, see Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970), that rule does not apply when plaintiff was represented by counsel at the time that she filed the EEOC charge, as here. See Gregory v. Ga. Dept. of Human Resources, 355 F.3d 1277 (11th Cir. 2004) (suggesting at p. 1279 that liberalness of interpretation is inapplicable when counsel has assisted) and Latuga v. Hooters,

Inc., 1994 WL 329910 (N.D. Ill. 1994) (attached hereto as Exhibit 1) (charge drafted with assistance of counsel not entitled to liberal construction).

As testified to by Plaintiff in her deposition, she even completed the information regarding her charge with her lawyer's assistance and apparently her attorney drafted the charge, which was then signed by Plaintiff. (See Stough Dep., p. 25, l. 11 - p. 35, l. 14, attached as Exhibit 4 to Defendant's Memorandum filed March 14, 2006).

As a result, Plaintiff should be taken at her word—those allegations which she alleged—and those matters which could reasonably be investigated by the EEOC as a result of these allegations that can be part of Plaintiff's Title VII lawsuit. If not alleged and not reasonably related, then those matters should be stricken.

### C. Nearly Unanimous Case Law Supports Defendant's Position

Contrary to Plaintiff's argument in her brief at pp. 5-8, the case law is virtually unanimous in opposition to Plaintiff's position and in support of Defendant's position.

The rationale in both Gregory v. Ga. Dept. of Human Resources, 355 F.3d 1277 (11th Cir. 2004) and Alexander v. Fulton Cnty. Ga., 207 F.3d 1303, 1333 (11th Cir. 2000) favor the granting of this motion. Gregory is simply a "charging party

who failed to check the box" case. In the written text of the Gregory charge, plaintiff complained of her termination but failed to check the "retaliation" box on the EEOC charge. 355 F.3d at 1279. Nonetheless, the facts supporting a retaliation claim were contained within the narrative text of the EEOC charge. Consequently, the court found that, since plaintiff had filed her charge <u>without the aid of counsel</u>, the court liberally construed the language and allowed her to proceed with her retaliation claim.[1]

In <u>Alexander</u>, several of the plaintiffs' EEOC charges specifically alleged race-based rejection of plaintiffs for desired positions within the Sheriff's Department. Because of these allegations, the court allowed plaintiffs to proceed with a race-based failure to promote claim. <u>See</u> <u>Alexander</u>, 207 F.3d at 1333.

Here, unlike <u>Gregory</u> and <u>Alexander</u>, there was not even a whiff alleged by Plaintiff in her initial EEOC charge of any wrongful conduct or discrimination other than wage discrimination in comparison to her Assistant General Manager and a retaliatory termination.

Further, Plaintiff's summary dismissal at pp. 7-8 of the "inapplicable" and unpublished cases of <u>Lambert v. Alabama Dept.</u>

---

[1] The language used by the Eleventh Circuit "without the aid of counsel," was emphasized by the court. <u>Gregory</u> at 1278.

of Youth Svcs., 150 F. Appx. 990 (11th Cir. 2005) (per curiam) and Green v. Elixir, 152 F. Appx. 838 (11th Cir. 2005) is difficult to understand because these cases, particularly Green, are factually similar to Stough.

Eleventh Circuit cases not selected for publication, such as Lambert and Green, pursuant to Eleventh Circuit Local Rule 36-2, may not be binding precedent, but may be considered by the court to be persuasive. Plaintiff failed to respond to the reasoning of either case. Defendant respectfully submits that both Green and Lambert should be considered by the Court in this matter and that the reasoning of those cases found to be persuasive and determinative in this matter.

In addition, in an even more recent unpublished Eleventh Circuit case, Hillemann v. Univ. of Central Fla., 2006 WL 122430 (11th Cir. 2006) (per curiam) (unpublished pursuant to 11th Cir. Rule 36-2) (attached hereto as Exhibit 2), the Eleventh Circuit found that a plaintiff, who complained in his EEOC charge of a discriminatory refusal to hire him for two (2) job positions based on his age, race and sex, could not litigate other additional positions denied him since he failed to raise those issues at the EEOC.

See also Dorsey v. Pinnacle Automation Co., 278 F.2d 830, 838-39 (8th Cir. 2002) (the failure to promote presented in


their charge of discrimination is not broad enough to encompass hostile work environment claims).

### D. Defendant's Articulated Reasons To The EEOC Do Not Allow Plaintiff To Broaden Her Allegations

In Defendant's statement of position to the EEOC (Exhibit 6 to Defendant's Memorandum filed March 14, 2006), Defendant explained some of its policies and procedures, the poor quality assurance performance evaluations, and warnings given to Plaintiff during the year prior to her termination. Plaintiff was aware of these "needs improvement" evaluations and "failure" warnings, but she never challenged these matters in her EEOC charge. (Stough Dep., pp. 108-110, 162-63, 167, 173-74, 176, 181-82, 190, 191-92, 197-98, attached hereto as Exhibit 3).

Simply because in its statement of position Defendant refers to and relies upon the written evaluations given to Plaintiff to justify her termination, that does not mean that Plaintiff can allege now, for the first time, in her Complaint that these evaluations are discriminatory. This, however, is exactly what Plaintiff argues in her brief, pp. 8-11. Plaintiff <u>never</u> made these claims to the EEOC—and she should not be allowed to do it in her judicial Complaint.

### CONCLUSION

As relief, Defendant requests that Plaintiff's allegations against Jameson alleging a hostile work environment,

discriminatory evaluations, inspections, staff assignments, sexual comments and sexual touching be excluded from the scope of Plaintiff's Complaint, and that Plaintiff not be allowed to litigate these issues in this matter.[2]

This 24th day of March, 2006.

    Respectfully submitted,

    IRVIN, STANFORD & KESSLER, LLP

By: s/ Gary R. Kessler
Gary R. Kessler
Alabama Bar No. ASB-0251-L52G
IRVIN, STANFORD & KESSLER, LLP
3060 Peachtree Road, N.W.
Suite 1050
Atlanta, Georgia 30305
404-237-1020 (office)
404-237-1047 (facsimile)
gkessler@isklaw.com
**COUNSEL FOR DEFENDANT**

---

[2] Although this motion does not challenge the timeliness of Plaintiff's EEOC charge, and Defendant submits is more appropriate for a subsequent motion, Title VII's 180-day filing period requires that Plaintiff challenge any acts as discriminatory within 180 days after they occur. Plaintiff filed her charge no earlier than August 9, 2004 and she should not now be able to challenge as discriminatory those acts which occurred prior to February 10, 2004.

```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF ALABAMA
                    EASTERN DIVISION
```

BELINDA STOUGH,                          :
                                         :
    Plaintiff,                           :
                                         :
v.                                       :     CASE NO. 3:05cv421-W
                                         :
JAMESON INNS, a company                  :
owned or operated by                     :
KITCHIN HOSPITALITY, LLC,                :
                                         :
    Defendant.                           :
_____

## CERTIFICATE OF SERVICE

    This is to certify that I have this day electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Angela J. Hill
    ajhill_law@bellsouth.net

    Kell Ascher Simon
    kas@wcqp.com

    Maury Steven Weiner
    mweiner@wcqp.com

and served a copy via United States Mail to the following counsel of record:

    Jon C. Goldfarb
    Wiggins, Childs, Quinn & Pantazis  LLC
    The Kress Building
    301 19th Street North
    Birmingham, Alabama 35203

    This 24th day of March, 2006.

                                        s/ Gary R. Kessler
                                        Gary R. Kessler