IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BELINDA STOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05CV421-SRW |
| ) | (WO) |
| JAMESON INNS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

In her amended complaint in this employment discrimination action, plaintiff brings three counts alleging: (1) sex discrimination in violation of Title VII; (2) retaliation in violation of Title VII; and (3) violation of the Equal Pay Act. This action is presently before the court on the motion for summary judgment filed by defendant on March 14, 2006 (Doc. # 23).[1] In this motion, defendant asks that the court "dismiss paragraphs 4, 7, 8, and 20 of Plaintiff's complaint." (Doc. # 23, p. 1). Upon review of the complaint and defendant's brief, the court concludes that defendant seeks dismissal of Count I (sex discrimination) to the extent it asserts claims for: (1) hostile work environment sexual harassment; (2) discriminatory evaluation, inspections, staff assignments and "other terms, conditions and privileges of [plaintiff's] employment"; and (3) discriminatory pay as compared to other General Managers. Upon consideration of the motion, the court concludes that it is due to

---

[1] Defendant filed this as a motion to dismiss, however, the court construed the motion as one for summary judgment by order entered on March 15, 2006 (Doc. # 25).

be granted in part and denied in part.[2]

## DISCUSSION[3]

"Prior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC. The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" Gregory v. Georgia Department of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004)(citations omitted). Defendant contends that plaintiff has not exhausted administrative remedies as to the claims identified above. "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Security, Inc., 19 F.3d 586, 589 n. 8 (11th Cir. 1994)(citing Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970)). "The starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation." Eastland v. Tennessee Valley Authority, 714 F.2d 1066, 1067 (11th Cir. 1983)(citing Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 927 (11th Cir. 1983)). "'[T]he allegations in a judicial complaint filed pursuant to Title VII "may encompass any kind of discrimination *like or related* to the allegations contained in the

---

[2] See Defendant's brief, Doc. # 24 at p. 13 ("Defendant requests that Plaintiff's allegations against Jameson alleging a hostile work environment, discriminatory evaluations, inspections, staff assignments, sexual comments and sexual touching be excluded from the scope of Plaintiff's Complaint . . . .").

[3] The court considers any objections not raised to the use or admissibility of the evidence to be waived for purposes of this motion. Davis v. Howard, 561 F.2d 565, 570 (5th Cir. 1977).

charge and growing out of such allegation during the pendency of the case before the Commission.".'" Eastland, *supra*, 714 F.2d at 1067 (quoting Sanchez, *supra*, 431 F.2d at 466)(emphasis in Eastland).

In her charge of discrimination filed with the EEOC on August 9, 2004, plaintiff checked the boxes indicating that she was alleging discrimination based on sex and retaliation. She stated:

> My name is Belinda Stough[. I] am a female who served as General Manager of the Jameson Inn of Alexander City, Alabama until February 2004. During early February of 2004, an Assistant Man[a]ger was hired to assist me in the operation of Jameson Inn w[h]ere I served a[s] General Manager. After he had been employed for approximately two weeks, I discovered that the Assistant Manager had been hired and had begun work at a salary equal to what I was being paid after having worked for the company for four years and even though I was the Assistant Manager[']s Supervisor and Superior.
>
> When I complained to the District Manager of this disparity and what I considered to be discrimination [o]n the basis of my sex on February the 18th 2004, I was terminated from employment in retaliation for my having made a complaint about disparity in pay on the basis of my sex.

(EEOC Charge, Defendant's Exhibit 3).

In defendant's position statement to the EEOC investigator, defendant asserted that plaintiff's level of compensation was due to her unsatisfactory work performance. Defendant cited a written reprimand given to plaintiff on June 17, 2003 for excessive absenteeism, a reprimand on that same date for the hotel's second consecutive poor score on a quality assurance inspection, and a December 29, 2003 corrective action notice given to plaintiff regarding poor scores on subsequent quality assurance inspections and inadequate training at the hotel. (Defendant's Exhibit 6). Defendant also explains that the Assistant General

3

Manager, Mark Fetner, was given a salary equal to plaintiff's because of his employment experience and the fact that he had a college degree.  Additionally, by the time Fetner was hired, the salary scale for General Managers and Assistant General Managers had increased; Fetner's salary was within the range being paid to other newly hired Assistant General Managers, and plaintiff's salary was not increased to the new scale due to her poor management of the hotel.  (Id.).  Defendant states that its District Manager decided to terminate plaintiff's employment on February 18, 2004 "based on her inability to manage the Hotel properly and the failure by the hotel of its quality assurance inspection that day," the fourth "below average" grade on inspections since December 2003.  (Id.).

## Sexual Harassment Claim

In paragraph 8 of the amended complaint, plaintiff alleges that "[t]he plaintiff's supervisor subjected the plaintiff to a hostile work environment because of her female gender through comments, touchings, and other actions."  (First Amended Complaint, ¶ 8). In her response to the present motion, plaintiff's counsel advises the court that this allegation was included because it evidences the discriminatory animus of the decisionmaker, and that she is not asserting a sexual harassment claim.[4]  Accordingly, to the extent the first amended complaint asserts a claim for hostile environment sexual harassment, the claim will be dismissed.

---

[4] The court, like defense counsel, reads the complaint to include such a claim.

Discriminatory Pay Claim

Defendant contends that plaintiff has failed to exhaust her claim of discriminatory pay (as compared to other General Managers) because she identified only the Assistant General Manager in her EEOC charge. However, plaintiff clearly complained of discriminatory pay in her EEOC charge. A reasonable investigation of the allegations in plaintiff's charge would include a comparison of plaintiff's pay with that of other employees performing the same job, *i.e.*, other General Managers. See Gregory, *supra*, 355 F.3d at 1280 (allowing retaliation claim where "[a]n EEOC investigation of [plaintiff's] race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation."). Thus, to the extent defendant seeks to limit plaintiff's pay claim to a comparison of her pay with that of Mark Fetner, the motion is due to be denied.

Other Discriminatory Acts

Plaintiff alleges that defendant discriminated against her on the basis of her gender not only as to her wages, but also with respect to "evaluations, inspections, staff assignments . . . and other terms, conditions and privileges of employment." (Amended Complaint, ¶¶ 7, 20).[5] Plaintiff concedes that "she is not pursuing any relief for being discriminated against in the terms, conditions and privileges of her employment" (Plaintiff's brief, Doc. # 26 at p. 8 n. 4). Plaintiff also disavows any intention to assert a claim based on discriminatory staff

---

[5] Plaintiff claims that her termination was both retaliatory and discriminatory. (See Amended Complaint, ¶ 20). Defendant does not argue for dismissal of plaintiff's discriminatory termination claim.

assignments. (Id., p. 8). Therefore, these claims will be dismissed. Defendant argues that plaintiff's allegations of discriminatory evaluations, inspections and staff assignments are not alleged in the EEOC charge nor are they reasonably encompassed by an investigation that would arise from plaintiff's charge. (Doc. # 24, p. 11).

> The purpose of [the] exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983); see also Wu v. Thomas, 863 F.2d 1543, 1548 (11th Cir. 1989)("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC.")(internal quotation and citation omitted). [The Eleventh Circuit] further has noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate. Wu, 863 F.2d at 1547 (citation omitted).

Gregory, *supra*, 355 F.3d at 1279-80.

As plaintiff argues, defendant raised disciplinary actions, unsatisfactory inspections and plaintiff's poor job performance in its response to the EEOC in defense of plaintiff's charge that her wages were discriminatory and her termination was retaliatory. Although plaintiff's EEOC charge does not allege these additional acts, they are related to her claims of discriminatory pay and retaliatory termination. Once defendant raised disciplinary actions, unsatisfactory inspections and unsatisfactory performance as the bases for its employment actions, the legitimacy of defendant's asserted reasons became an issue in the EEOC investigation. See id. at 1280 ("The facts alleged in [plaintiff's] EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably

intertwined with her complaints of race and sex discrimination."). Under these circumstances, plaintiff's allegations of discriminatory discipline, inspections, and evaluations serve to amplify and clarify her charge that she was discriminated against on the basis of her gender as to her wages and that her termination was retaliatory.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that defendant's motion for summary judgment is GRANTED as to plaintiff's claims of: (1) hostile environment sexual harassment; (2) discriminatory "terms, conditions, and privileges of employment"; and (3) discriminatory staff assignments, and these claims are DISMISSED with prejudice. The motion is DENIED in all other respects.[6]

Done, this 27th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[6] It is not clear to the court whether defendant seeks an order preventing plaintiff from later introducing evidence in support of certain factual allegations. To the extent it does, the motion is premature.