**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **BELINDA STOUGH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CIVIL ACTION NO.:** |
| **JAMESON INN, a company owned** | ) **3:05cv421-W** |
| **and/ or operated by KITCHIN** | ) |
| **HOSPITALITY, LLC,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO**
**RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now the plaintiff, Belinda Stough, and respectfully moves this Honorable

Court to grant her a two week extension of time to respond to the defendant's Motion for

Summary Judgment.  As grounds for this Motion, the plaintiff states as follows:

1.      The defendant filed its Motion for Summary Judgment late Friday afternoon May 26,

2006, which is the Friday before the Memorial Day weekend.  Therefore, the plaintiff's

response brief is 21 days later on Friday, June 16, 2006.

2.      The first reason the plaintiff requests this extension is the state of discovery in this

case.  On November 28, 2005, the plaintiff sent her first discovery requests to the

defendant, and the plaintiff received objections to those requests and a few responses on

January 18, 2006. From January 20, 2006 until the present the plaintiff has been

productively communicating about the parties' differences on what information is relevant.

The parties have talked in person, talked over the telephone, communicated by e-mail and

communicated by letter at least fifty times during these past five months about discovery. When the communication seemed to reach an impasse, the plaintiff would write a letter stating that she was going to file a Motion to Compel, and the defendant would agree to release more information. The defendant has recently agreed to produce nearly everything the plaintiff has requested, at an extremely high monetary cost due to the defendant's storage system and lack of retained electronic information. However, just last week the defendant explained to the plaintiff that the production may be further complicated due to the fact that the defendant was recently purchased and taken private. The defendant stated that it hopes to be able to provide the outstanding discovery sometime during the week of June 5, 2006. Although the plaintiff may have been able to speed up the production process by filing a Motion to Compel, the parties have worked well together without Court involvement, and the plaintiff chose to continue working with opposing counsel as opposed to involving this Court.

3.      The second reason the plaintiff requests this extension is the attorney who has handled all discovery in this case, and who will be writing this response brief, Jon Goldfarb, has several events interfering with his ability to timely respond. The two major events are a week of depositions that cannot be moved and a trial.

4.      From Tuesday, May 30, 2006 to Friday, June 2, 2006, the plaintiff is defending and taking depositions in the case of *Gracie Hawkins and Dottie Marsh v. SourceCorp.,* CV-05-0309-SKW. There is an approaching summary judgment motion deadline in that case; therefore, the parties cannot delay those depositions. Moreover, many of the witnesses have already been subpoened to show up at the deposition location in Greenville, Alabama.

2

5.     And, starting on June 12, 2006, Jon Goldfarb is the lead counsel in a trial in the

case of *Robert Watson v. Steward Machine Company* CV-05-UWC-00340-S. At this point,

settlement does not seem likely and this case will take up much of the plaintiff's counsel's

time preparing for and trying that case.

6.     The defendant does not oppose the plaintiff obtaining this extension until June 30,

2006.

Wherefore, the plaintiff requests a two week extension of time from June 16, 2006

until June 30, 2006 to respond to the defendant's Motion for Summary Judgment.

Respectfully submitted,


 s/Jon C. Goldfarb
Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Kell A. Simon (ASB-0214-O77K)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS & QUINN LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

3

## CERTIFICATE OF SERVICE

I do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Gary R. Kessler, Esq.,
Irvin, Stanford & Kessler
3060 Peachtree Road
Suite 1050
Atlanta, Georgia 30305
Telephone No.: (404) 237-1020
Facsimile No.: (404) 237-1047

on this the 30th of May, 2006.

s/Jon C. Goldfarb

OF COUNSEL