```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF ALABAMA
                EASTERN DIVISION
```

BELINDA STOUGH,                          :
                                         :
    Plaintiff,                           :
                                         :
v.                                       :    CASE NO. 3:05cv421-W
                                         :
JAMESON INNS, a company                  :
owned or operated by                     :
KITCHIN HOSPITALITY, LLC,                :
                                         :
    Defendant.                           :
_____

## CONSENT PROTECTIVE ORDER

    This lawsuit is presently in the discovery stage, and it appears that such discovery will involve review of personnel and employment files as well as data, documents and records of Defendant Jameson Inns ("Jameson" or "Defendant") that Jameson contends contain confidential information. Jameson desires to avoid a dispute over the production of such information and therefore consents to entry of this Protective Order. IT IS HEREBY ORDERED THAT:

    (1) Any party may designate at the time of production or filing, any document containing trade secrets, confidential, financial, business, or other privileged information, as "confidential information." All documents and information provided by either party which are designated as "confidential" shall be treated as such by the parties to this litigation. Such confidential information and documents, and all copies,

summaries, compilations, notes, or abstracts thereof, shall be exclusively for use in this action and for no other purpose. Upon conclusion of this action, all copies of confidential records shall be returned, upon request, to the party who made the disclosure thereof, each party to bear the expense for the return of its own records.

(2) Any document or other material, including depositions, designated as confidential under this Order shall, when filed with the Court, be clearly marked "confidential," sealed, and placed in separate, secure storage by the clerk. Such documents may be opened and reviewed only by authorized Court personnel or, upon request, by counsel of record in this case, after written or oral notice to opposing counsel. It shall be the responsibility of the party seeking to protect information to appropriately designate and mark as confidential any documents or deposition excerpts that should be subject to this requirement.

(3) Documents and other material designated as confidential pursuant to the terms of this Order may only be disclosed to the parties; counsel of record; employees or professional assistants, including independent consultants of counsel of record; prospective parties and witnesses who have a bona fide need to review the contents of the documents to aid in the preparation of this case for trial; and such other persons

as may have a legitimate need to review the confidential information to assist counsel of record in preparing this case.

(4) Persons other than counsel of record, staff working for counsel of record, and the named individual parties shall not be afforded access to confidential information unless they first agree, by signing a statement identical to Exhibit A hereto, to be bound by the letter and the spirit of this Order and not to disclose the confidential information to anyone other than counsel of record for the parties to this case, except as required by lawful judicial process.  Such statements shall be retained by counsel of record for the parties and shall not be disclosed to opposing counsel, except pursuant to Court order or lawful judicial process.

(5) This Order shall not prevent a party or a counsel of record for either party from using any documents obtained and designated as confidential hereunder in motions, affidavits or other pleadings, or in open court, so long as such documents or pleadings containing summaries of such documents are treated as confidential pursuant to the provisions of this Order.

(6) This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the parties to this lawsuit, and for good cause shown.

**IT IS SO ORDERED.**

**This \_\_\_ day of _____, 2006.**

_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

<u>**CONSENTED TO:**</u>

**WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.**

**By:  <u>S/ Jon C. Goldfarb_____</u>**
     Jon C. Goldfarb, Esq.
     Alabama Bar No. ASB-5401-F58J
     The Kress Building
     301 19th Street North
     Birmingham, Alabama 35203
     205-314-s0500 (Office)
     205-254-1500 (Facsimile)
     **COUNSEL FOR PLAINTIFF**


**IRVIN, STANFORD & KESSLER, LLP**

**By:  <u>s/ Gary R. Kessler_____</u>**
     Gary R. Kessler
     Alabama Bar No. ASB-0251-L52G
     3060 Peachtree Road, N.W.
     Suite 1050
     Atlanta, Georgia 30305
     404-237-1020 (Office)
     404-237-1047 (Facsimile)
     **COUNSEL FOR DEFENDANT**

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Protective Order entered by the Court in <u>Belinda Stough v. Jameson Inns</u>, Case No. 3:05cv421-W (M.D. Ala. Eastern Div.), on _____. I understand that Order and agree to abide by its contents by not disclosing confidential information to anyone other than counsel of record for the parties, employees or professional assistants of counsel of record, including independent consultants of counsel of record, and prospective parties and witnesses who have a bona fide reason to review confidential documents to aid in the preparation of this case for trial, except as required by lawful judicial process.

_____
**Name**

_____
**Date**

**EXHIBIT A**