10

UNITED STATES DISTRICT COURT
MIDDLE DISTRIT OF ALABAMA
EASTERN DIVISION

BELINDA STOUGH,                          :
                                         :
    Plaintiff,                           :
                                         :
v.                                       :    CASE NO. 3:05cv421-W
                                         :
JAMESON INNS, a company                  :
owned or operated by                     :
KITCHIN HOSPITALITY, LLC,                :
                                         :
    Defendant.                           :

### DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant Jameson Inns ("Jameson" or "Defendant") respectfully supplements its responses to Plaintiff's First Interrogatories as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the definitions of "identify" with respect to a person as overly broad and unduly burdensome. Defendant will provide certain identifying information within its possession for persons in the first interrogatory in which a person is identified.

2. As discovery is in the early stages, Defendant, while having gathered certain information which appears to be related to Plaintiff's claims, has not completed its investigation related to the claims. Accordingly, these responses are

1

necessarily preliminary and may require refinement and supplementation as discovery continues.

3. Defendant objects to providing or disclosing any information protected by the attorney-client privilege.

4. Defendant objects to providing or disclosing any information constituting trial preparation materials or materials otherwise encompassed within the work product doctrine without and unless Plaintiff makes the requisite showing required by Rule 26 of the Federal Rules of Civil Procedure.

5. Defendant objects to each request to the extent that it seeks to require disclosure of any confidential information.

6. Defendant objects to each request that (i) is unreasonably cumulative or duplicative; (ii) seeks material obtainable from some other source that is more convenient, less burdensome, or less expensive; or (iii) otherwise constitutes an abuse of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to the foregoing General Objections, Defendant responds to each of the following interrogatories as follows:

### INTERROGATORIES

Interrogatory No. 4: Identify by name, job title and dates of employment each and every person who has knowledge of the

2

defendants' defenses in this case and state in detail the particular knowledge that person has.

Supplemental Response To Interrogatory No. 4: At present, to Defendant's knowledge, persons who are aware facts which are related to Defendant's defenses in this matter include the following:

(1) Charles Woods: A District Manager with Jameson Inns, employed since February 2, 1995 to the present. Mr. Woods supervised Plaintiff from the time she became General Manager until her termination. He discussed her performance with her and conducted quality assurance evaluations on the Alexander City property. He is aware of her performance and other employment issues as reflected in her personnel file, including problems with her attendance and punctuality, performance deficiencies related to hotel inspections, failure to meet Jameson's standards as set forth in the documentation entitled "accountability" issued to Belinda Stough from Charles Woods on February 6, 2004, her hours of work and other issues which affected her performance.

(2) Belinda Stough: Former General Manager of Defendant's facility in Alexander City, Alabama. Is aware of events which occurred while she was employed by Jameson, including receipt of

3

warnings, memorandum and documentation regarding performance and quality assurance inspections.

(3) <u>Mark Fetner</u>: Was hired as Assistant General Manager in January 2004, reporting directly to Belinda Stough. Became the General Manager after Stough was terminated in February 2004. Observed Ms. Stough's performance while he reported to her and was aware of the condition of the Alexander City property during the time that Ms. Stough was General Manager. Fetner is currently a General Manager at a Jameson property in LaGrange, Georgia.

(4) <u>Greg Winey</u>: Formerly Vice President of Operations based in Atlanta. Employed by Jameson from April 13, 1998 through approximately February 2005. Was aware of performance issues of Stough as brought to his attention by Charles Woods.

(5) <u>Robbie Patterson</u>: Was employed by Jameson in Alexander City as a front-desk clerk on April 18, 2003 while Ms. Stough was General Manager. Returned on February 24, 2004. Is currently the General Manager at Alexander City, Alabama. During his employment with Jameson, he observed Plaintiff's work performance, hours of work, and quality of work.

(6) <u>Elizabeth Sutton</u>: Employed by Jameson since July 12, 1999. Ms. Sutton is currently the General Manager for Jameson in Eufala, Alabama. After Belinda Stough was terminated in

February 2004, Ms. Sutton assisted Mark Fetner in revitalizing the Alexander City, Alabama property. Was familiar with the condition of the property at the time Plaintiff was terminated.

(7) <u>Jeff Hurley</u>: Vice President of Human Resources and formerly Assistant General Counsel of Kitchin Hospitality. Has been employed since approximately 1998. Is familiar with Jameson's pay policies for General Managers during Ms. Stough's employment.

<u>Interrogatory No. 8</u>: Identify each and every employee of the defendant who complained about the plaintiff's work performance, by stating that person's name, job title, last known address and telephone number and state in detail the complaint that employee made about the plaintiff's job performance and the dates of each complaint.

<u>Supplemental Response To Interrogatory No. 8</u>: Charles Woods complained about Plaintiff's work performance to his superiors who can be contacted through Jameson's counsel. At present, Defendant is unaware of other complaints by employees about Plaintiff's work performance.

This 22 day of February, 2006.

5

IRVIN, STANFORD & KESSLER, LLP

By: _____
Gary R. Kessler
Alabama Bar No. ASB-0251-L52G
IRVIN, STANFORD & KESSLER, LLP
3060 Peachtree Road, N.W.
Suite 1050
Atlanta, Georgia 30305
404-237-1020 (office)
404-237-1047 (facsimile)
<u>gkessler@isklaw.com</u>
**COUNSEL FOR DEFENDANT**

Case 3:05-cv-00421-SRW    Document 43-14    Filed 06/23/2006    Page 8 of 8

UNITED STATES DISTRICT COURT
MIDDLE DISTRIT OF ALABAMA
EASTERN DIVISION

BELINDA STOUGH,  :
  :
    Plaintiff,  :
  :
v.  :  CASE NO. 3:05cv421-W
  :
JAMESON INNS, a company  :
owned or operated by  :
KITCHIN HOSPITALITY, LLC,  :
  :
    Defendant.  :

**CERTIFICATE OF SERVICE**

    This is to certify that I have this day served counsel for Plaintiff with a copy of the foregoing DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES by facsimile and by depositing same in the United States Mail, adequate first-class postage affixed thereto, and addressed as follows:

Jon C. Goldfarb, Esq.
Maury S. Weiner, Esq.
Kell A. Simon, Esq.
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Angela J. Hill, Esq.
139 Broadnax Street
Dadeville, Alabama 36853

This _22_ day of February, 2006.

                                          /s/ Gary R. Kessler
                                        Gary R. Kessler