11

Case 3:05-cv-00421-SRW     Document 43-15     Filed 06/23/2006     Page 1 of 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

BELINDA STOUGH,          :
                         :
    Plaintiff,           :
                         :
v.                       :       CASE NO. 3:05cv421-W
                         :
JAMESON INNS, a company  :
owned or operated by     :
KITCHIN HOSPITALITY, LLC,:
                         :
    Defendant.           :

### DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant Jameson Inns ("Jameson" or "Defendant") respectfully submits its second supplemental responses to Plaintiff's First Interrogatories as follows:

#### GENERAL OBJECTIONS

1. Defendant objects to the definitions of "identify" with respect to a person as overly broad and unduly burdensome. Defendant will provide certain identifying information within its possession for persons in the first interrogatory in which a person is identified.

2. As discovery is in the early stages, Defendant, while having gathered certain information which appears to be related to Plaintiff's claims, has not completed its investigation related to the claims. Accordingly, these responses are

1

necessarily preliminary and may require refinement and supplementation as discovery continues.

3. Defendant objects to providing or disclosing any information protected by the attorney-client privilege.

4. Defendant objects to providing or disclosing any information constituting trial preparation materials or materials otherwise encompassed within the work product doctrine without and unless Plaintiff makes the requisite showing required by Rule 26 of the Federal Rules of Civil Procedure.

5. Defendant objects to each request to the extent that it seeks to require disclosure of any confidential information.

6. Defendant objects to each request that (i) is unreasonably cumulative or duplicative; (ii) seeks material obtainable from some other source that is more convenient, less burdensome, or less expensive; or (iii) otherwise constitutes an abuse of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to the foregoing General Objections, Defendant supplements each of the following interrogatories as follows:

INTERROGATORIES

Interrogatory No. 4: Identify by name, job title and dates of employment each and every person who has knowledge of the

2

defendants' defenses in this case and state in detail the particular knowledge that person has.

Second Supplemental Response To Interrogatory No. 4:

(8) <u>Marilyn Hand</u>: Currently housekeeping supervisor at Jameson's Alexander City, Alabama hotel. Ms. Hand was a housekeeping employee during the time that Belinda Stough was an interim General Manager and General Manager. She observed Ms. Stough's performance as a General Manager, her activities, and her attendance.

(9) <u>Paul Komanecki</u>: Formerly the District Manager for, among others, Jameson's Alexander City, Alabama hotel. Mr. Komanecki was a District Manager during portions of 2000 and 2001 and was the one who recommended that Belinda Stough be placed in the interim General Manager position, apparently in late 2000, and that her interim General Manager salary be set at $21,000. Mr. Komanecki then supervised Ms. Stough while she worked as an interim General Manager and was aware of her level of performance, including housekeeping issues, selection of subordinates, hiring of family members, frequency in the office, and work-related attitude. Mr. Komanecki lives in Blackshear, Georgia, has not been employed by Jameson since January 2006, and can be contacted through counsel.

3

(10) <u>Hal Smith</u>: Was Regional Manager at the time that Belinda Stough was placed in the interim General Manager position in late 2000. Mr. Komanecki's recommendation of a $21,0000 interim General Manager's salary for Ms. Stough was approved by Mr. Smith and presented to Greg Winey for final approval.

This 2 day of May, 2006.

                        IRVIN, STANFORD & KESSLER, LLP

            By: _____
                    Gary R. Kessler
                    Alabama Bar No. ASB-0251-L52G
                    IRVIN, STANFORD & KESSLER, LLP
                    3060 Peachtree Road, N.W.
                    Suite 1050
                    Atlanta, Georgia 30305
                    404-237-1020 (office)
                    404-237-1047 (facsimile)
                    gkessler@isklaw.com
                    COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
MIDDLE DISTRIT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BELINDA STOUGH, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:05cv421-W |
| JAMESON INNS, a company owned or operated by KITCHIN HOSPITALITY, LLC, | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for Plaintiff with a copy of the foregoing DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES by facsimile and by depositing same in the United States Mail, adequate first-class postage affixed thereto, and addressed as follows:

Jon C. Goldfarb, Esq.
Maury S. Weiner, Esq.
Kell A. Simon, Esq.
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Angela J. Hill, Esq.
139 Broadnax Street
Dadeville, Alabama  36853

This 2 day of May, 2006.

_____
Gary R. Kessler

5