# FREEDOM COURT REPORTING

**Page 1**

```
1   IN THE UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF ALABAMA
2        EASTERN DIVISION
3
     CIVIL ACTION NO.: 3:05-CV-421-W
4
5   BELINDA STOUGH,
6       Plaintiff,
7   vs.
8   JAMESON INNS, A COMPANY OWNED AND
     OPERATED BY KITCHIN HOSPITALITY,
9   L.L.C.,
10      Defendant.
11
12      DEPOSITION OF: GREGORY WINEY
             9:10 A.M.
            APRIL 21, 2006
14
15      In accordance with Rule 5(d) of The
16  Alabama Rules of Civil Procedure, as
17  Amended, effective May 15, 1988, I, Cindy
18  C. Goldman, am hereby delivering to
19  Mr. Jon C. Goldfarb the original
20  transcript of the oral testimony taken on
21  the 21st day of April, 2005, along with
22  exhibits.
23
```

**Page 2**

```
1          STIPULATIONS
2       IT IS STIPULATED AND AGREED by and
3   between the parties through their
4   respective counsel that the deposition of
5   Gregory Winey, a witness in the
6   above-entitled cause may be taken before
7   Cindy C. Goldman, a Court Reporter and
8   Notary Public for the State of Alabama,
9   at 3060 Peachtree Road, Suite 1050,
10  Atlanta, Georgia, on the 21st day of
11  April, 2006, commencing at 9:10 a.m.,
12  pursuant to the Alabama Rules of Civil
13  Procedure.
14
15
16      IT IS FURTHER STIPULATED AND AGREED
17  that the signature to and the reading of
18  the deposition by the witness is waived,
19  the deposition to have the same force and
20  effect as if full compliance had been had
21  with all laws and rules of court relating
22  to the taking of the depositions.
23
```

**Page 3**

```
1
2
3
4          STIPULATIONS
5           (continued)
6
7       IT IS FURTHER STIPULATED AND AGREED
8   that it shall not be necessary for any
9   objections to be made by counsel to any
10  questions except as to form or leading
11  questions, and that counsel for the
12  parties may make objections and assign
13  grounds at the time of trial or at the
14  time said deposition is offered in
15  evidence or prior thereto.
16
17      IT IS FURTHER STIPULATED AND AGREED
18  that the notice of filing of the
19  deposition is waived.
20
21
22
23
```

**Page 4**

```
1          APPEARANCES
2
    Appearing On Behalf Of The Plaintiff:
3       WIGGINS, CHILDS, QUINN
          & PANTAZIS
4       Mr. Jon C. Goldfarb
        420 20th Street North
5       Suite 1400
        Birmingham, Alabama 35203-3204
6
7   Appearing On Behalf Of The Defendant:
        IRVIN, STANFORD & KESSLER, L.L.P.
8       Mr. Gary R. Kessler
        Ms. Ann Hale-Smith
9       One Buckhead Plaza
        3060 Peachtree Road
10      Suite 1050
        Atlanta, Georgia 30305
11
12  Reported By:
        Cindy C. Goldman
13      Freedom Court Reporting
        367 Valley Avenue
14      Birmingham, Alabama 35209
15
16
17
18
19
20
21
22
23
```

1 (Pages 1 to 4)

**367 VALLEY AVENUE**
(205) 397-2397 BIRMINGHAM, ALABAMA 1-877-373-3660

FREEDOM COURT REPORTING

Page 21

```
1   on that market.
2          If the hotel is running 80
3   percent occupancy versus a hotel running
4   30 percent occupancy, your capacity to
5   make that business profitable is
6   encumbered if you're running 30 percent
7   occupancy.
8       Q. Okay. But if you've got a
9   40-room property running 80 percent and a
10  60-room property running 80 percent, does
11  size matter?
12      A. We would have definitely the
13  capacity to pay more in that 60-room
14  property.
15      Q. Because it would have more
16  revenue?
17      A. It would have more revenue,
18  correct.
19      Q. Okay. In October of '98, you
20  became the director of operations. What
21  job did you move to next?
22      A. The vice president of
23  operations.
```

Page 22

```
1       Q. When was that move?
2       A. I maintained the position for
3   three years. So --
4       Q. 2001?
5       A. Going backwards, yes, from when
6   I left three years prior to that.
7       Q. October of '98 to October of
8   2001, does that sound about right?
9       A. Three years as director of ops
10  and three years as VP. That's
11  essentially correct.
12      Q. How did your duties change when
13  you became the VP of operations, if at
14  all?
15      A. It really didn't.
16      Q. Okay. You just got a titling
17  change?
18      A. For the most part, correct.
19      Q. Did your duties expand in any
20  way?
21      A. No, not really. In fact, they
22  contracted.
23      Q. Why did they contract?
```

Page 23

```
1       A. I was not directly over capital
2   refurbishment.
3       Q. What does that mean?
4       A. Hotels get capitalized. We
5   maintain a reserve of our revenues to
6   refurbish the hotels on an annual basis.
7       Q. What were your duties during the
8   time you were a director of operations
9   and VP of operations, excluding the
10  capital refurbishment duties?
11      A. In a nutshell, to make the
12  hotels profitable, to drive the service
13  levels of the hotel, and to ensure the
14  product quality of the hotels was up to
15  company standard.
16      Q. What were your duties to
17  deciding salaries for general managers?
18      A. I would take the recommendations
19  of the regional district or area manager,
20  and they would present that to me.
21      Q. And you would do what with it?
22      A. 99.9 percent of the time,
23  approve it.
```

Page 24

```
1       Q. Was there a guideline for
2   determining salaries that the GMs use?
3       A. None other than I mentioned,
4   size of property, experience of the GM,
5   and revenue of the hotels.
6       Q. I mean, was there a range of
7   salaries for GMs during --
8       A. It varied.
9       Q. -- 2001?
10      A. It varied. Because, again, if
11  you ask me what we might pay a 40-room
12  general manager that has the worse
13  revenues in the company versus an
14  180-room general manager that has decent
15  revenues and much greater responsibility,
16  those salaries are going to vary greatly.
17      Q. I mean, is there anything in
18  writing indicating how salaries should
19  be --
20      A. Nothing to my knowledge.
21      Q. -- arranged or anything like
22  that?
23      A. Nothing to my knowledge.
```

6 (Pages 21 to 24)

367 VALLEY AVENUE
(205) 397-2397 BIRMINGHAM, ALABAMA 1-877-373-3660