IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

BELINDA STOUGH,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       ) CIVIL ACTION NO. 3:05cv421-SRW
                                         )
JAMESON INNS,                            )
                                         )
                    Defendant.           )

# ORDER

The parties have indicated their interest in engaging in nonbinding mediation. This case has been referred to the undersigned Magistrate Judge for mediation. Accordingly, it is

ORDERED that the parties and their counsel shall appear before the Magistrate Judge for mediation on *16 August 2006 at 9:00 a.m.*, Courtroom 5-A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.   It is further ORDERED as follows:

1.     **REQUIRED ATTENDANCE**. *The attorneys who will try the case* shall appear at the Settlement Mediation with (a) the parties[1], (b) the person or persons having full authority to negotiate and to settle the case *on any terms,* and (c) in an employment discrimination case, any person under the parties' control who is charged in the complaint

---

[1]Counsel are directed to provide in their Confidential Settlement Conference Statements the exact name of their client(s) who will be attending the mediation, and to include the names of any client representatives.  Counsel are reminded that no persons not a party to this matter will be allowed to attend the mediation.

with a direct violation of the plaintiff's rights.[2]

    2.    ***CONFERENCE CALL***: Counsel for the parties shall appear for a ***pre-mediation conference call*** on **10 August 2006** at **3:30 p.m.** to be arranged by the counsel for the defendants.

    3.    **CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT**. On or before ***9 August 2006***, the parties shall deliver directly to the undersigned Judge Confidential Settlement Conference Statements of no more than 10 pages in length, which should ***not*** be filed with the Clerk of the Court, ***nor filed*** via facsimile, ***nor served*** upon the other parties.[3] ***The parties are reminded that failure to file the Confidential Settlement Statements on the date set out in this order could lead to an order from this court vacating the mediation***. The Confidential Settlement Conference Statement shall include the following: (a) an estimate of the cost and time to be expended for further discovery, pretrial and trial; (b) the relief sought; (c) the party's affirmative or defensive contentions; (d) a history of past settlement discussions, offers and demands. If no discussions have taken place, the Court requires the attorneys to discuss settlement and exchange demands and offers prior to the settlement conference; and (e) the perceived strengths and weaknesses of the party's positions, factually and legally.

    4.    **PRIOR SETTLEMENT CONFERENCE.** Mediation conferences are often

---

[2]This category includes the person named as a harasser or the supervisor or other person who actually initiated or recommended the adverse action.

[3]Each party shall file his or her individual settlement statement.

2

unproductive unless the parties have already exchanged demands and offers in a serious effort to settle the case on their own.   If counsel have not held a good-faith, face-to-face settlement conference, as required in the Court's scheduling order, counsel shall confer with each other **BEFORE THE DATE** of the mediation conference and make a good-faith effort to settle this case by exchanging offers.

Additionally,   prior to the mediation conference, counsel shall confer and attempt to agree upon (a) the form and contents of mutual releases for execution if this case is settled, (b) the form and contents of a confidential settlement, if the parties desire a confidential settlement; and (c) whether it is necessary for the parties to reduce their agreement to writing or file it with the Clerk of the court.

**5.        PREPARATION FOR MEDIATION CONFERENCE**.  Counsel for the parties are DIRECTED to confer with their clients **BEFORE THE DATE** of the mediation conference and formulate a ***realistic*** assessment of the value of this case, which (in addition to considerations of time and expense) shall include consideration of the following:

a.       the extent to which the parties' allegations are in dispute;

b.       the consistency of the factual allegations during pretrial (administrative)

 proceedings, complaint/answer, and discovery;

c.       the availability and the quality of evidence corroborating the allegations;

d.       the ability of the witnesses (or the capacity of the documentary evidence) to articulate and justify the parties' positions;

3

e.    the extent to which the parties intend to continue their [business, professional, employment, personal] relationships;

f.    the actual dollar value of the objectively determinable loss (e.g., medical bills, backpay, property damage);

g.    the implications of a non-jury trial vs. a jury trial, including the history of judicial outcomes in this district in similar cases; and

h.    the parties' needs and desires for finality in this litigation.

The court advises that Counsel are further DIRECTED to bring with them to the conference evidentiary materials in support of their monetary demands or offers.[4]  These documents *should not be filed* with the Clerk of the Court, ***nor served*** upon the other parties.

DONE this 4th day of August, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED  STATES  MAGISTRATE  JUDGE

---

[4]If the parties' claims or defenses are based upon sums of money which are susceptible of objective computation    - including backpay, frontpay, premiums, interest payments, pension payments, etc. -   the party who asserts the claim or defense shall provide the court with a written, updated computation at the mediation conference.

# MEMORANDUM

## *United States District Court* ■ *Middle District of Alabama*

TO:         Counsel in Cases Set for Mediation

FROM:     Judge McPherson

RE:         ***Preparation for Mediation***

DATE:     4 August 2006
_____

The attached order establishes the schedule for mediation.  During the past year, it has become apparent that the parties   - plaintiffs and defendants -   in mediation conferences are not adequately prepared for the proceeding and that they may have unrealistic expectations about the outcome.  To facilitate the parties' understanding of their positions and the mediation proceeding, it is  imperative that counsel consult with them extensively before the conference, consistent with the specific directives in the order, to prepare them for mediation.

The parties are also advised to consider alternative remedies.  Even if the sole intent of the complaint is the recovery of monetary damages, some combination equitable relief and monetary damages might resolve the dispute.

It is also imperative that counsel for all parties meet before the date of mediation to discuss settlement generally and to exchange initial offers. The attached order directs the production at the mediation conference of "evidentiary materials in support of their monetary demands or offers". These may include, inter alia, documents which directly support a contention, photographs, personnel records, cancelled checks, or deposition excerpts.

Counsel's special attention is directed to the directive regarding "claims or defenses . . . based upon sums of money which are susceptible of objective computation   - including backpay, frontpay, premiums, interest payments, pension payments".  Henceforth, if counsel (whether plaintiffs' or defendants') for parties who assert such claims or defenses fail to provide the court with a written, updated computation at the mediation conference, the court will seriously consider cancelling the mediation until the record is prepared.